UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Adrian GONZALEZ,
Defendant–Appellant.

No. 00–50406.

United States Court of Appeals,
Fifth Circuit.

July 19, 2001.

Joseph H. Gay, Jr., Asst. U.S. Atty., Angela S. Raba, Angela J. Moore, San Antonio, TX, for Plaintiff–Appellee.

John Aloysius Convery, Hasdorff & Convery, San Antonio, TX, for Defendant–Appellant.

Before EMILIO M. GARZA and PARKER, Circuit Judges, and ELLISON*, District Judge.

EMILIO M. GARZA, Circuit Judge:

Juan Adrian Gonzalez ("Gonzalez") appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm his conviction, but vacate his sentence and remand to the district court for resentencing.

---

* District Judge of the Southern District of Texas, sitting by designation.

Gonzalez, pursuant to a written plea agreement, pleaded guilty to conspiracy to possess with intent to distribute marijuana. The factual basis for the plea, to which Gonzalez admitted, reflected that he, along with Miguel Longoria and Juan Torres, agreed to deliver approximately 500 pounds of marijuana to DEA agents. As part of the plea agreement, Gonzalez waived "the right to appeal any sentence imposed within the maximum provided in the statute of conviction, whether on direct appeal to the Fifth Circuit or in a collateral proceeding." The waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

In the pre-sentencing report, the probation officer determined that Gonzalez was responsible for 777.01 kilograms of marijuana: 232.69 kilograms of marijuana seized by law enforcement agents on March 13, 1999, and 544.32 kilograms of marijuana discussed during negotiations with the agents. Based on the 777.01 kilograms of marijuana attributed to Gonzalez, the probation officer fixed his base offense level at 30. The probation officer recommended a two-level increase for Gonzalez's leadership role in the offense, and a three-level reduction for Gonzalez's acceptance of responsibility, resulting in a total offense level of 29. Gonzalez's criminal history category was II, which, at offense level 29, resulted in a guideline sentencing range of 97–121 months' imprisonment.

Gonzalez objected to the quantity of drugs attributed to him, specifically the inclusion of the 544.32 kilograms of marijuana, and to the proposed leadership adjustment. At sentencing, the district court overruled Gonzalez's drug-quantity and leadership role objections. The government filed a motion recommending a two-level reduction for Gonzalez's substantial assistance, pursuant to § 5K1.1, which the court approved. The court sentenced Gon-

zalez to 78 months' imprisonment and 5 years' supervised release. Gonzalez filed a timely notice of appeal.

On appeal, Gonzalez contends that he did not knowingly and voluntarily waive his right to appeal his sentence, rendering the waiver unenforceable. Because, according to Gonzalez, the waiver is unenforceable, he can now challenge the district court's enhancements for the drug quantity attributed to him and Gonzalez's leadership role in determining the appropriate sentencing guideline range. Additionally, Gonzalez maintains that even if we find his waiver of appeal valid, we should vacate his plea due to the district court's alleged violations of Federal Rule of Criminal Procedure 11.

■ A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir.1992). The defendant must know that he had "a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.1994) (internal quotation marks and citation omitted). "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir.1992). Gonzalez's signed plea agreement informed him of the right to appeal his sentence and that he would be waiving that right by pleading guilty, except under the circumstances enumerated.

■ Gonzalez avers that his waiver of appeal was not knowing and voluntary because of (1) his counsel's objection to the waiver during the plea colloquy; (2) the prosecutor's statement during the plea hearing that the district court routinely voided such waivers; and (3) the district court's statement at sentencing that he

could appeal his sentence. First, Gonzalez's counsel expressed his reservation concerning the appeal-waiver provision to the extent that it would preclude an appeal of an upward departure from the sentencing guidelines. But at no time did his counsel object to the appeal-waiver provision on the basis that it waived Gonzalez's right to appeal the district court's determination of the applicable guideline range.

Second, although Gonzalez is correct that the prosecutor made the comment that "Judge Justice regularly strikes through this provision on the waiver of appeal," the magistrate judge who conducted the plea hearing clearly explained that the plea agreement was a contract between Gonzalez and the government requiring a meeting of the minds on all major elements. In response to the magistrate's explanation, defense counsel indicated that despite his concern that he would be rendering ineffective assistance of counsel by entering into a plea agreement that allowed no appeal of upward departures from the sentencing guidelines, Gonzalez still wanted the "bargain" offered by the government. Counsel then represented to the court that there was a meeting of the minds on the appeal-waiver provision, with the only issue being whether this court would enforce it. Moreover, after the appeal waiver discussion concluded, the district court again asked Gonzalez whether he understood that he was waiving his right to appeal his sentence. He answered, "Yes." Gonzalez also indicated that he had signed the plea agreement freely and voluntarily.

Third, at sentencing, the district court erroneously advised Gonzalez that he had the right to appeal his sentence. Nevertheless, any confusion at that time has no effect on the validity of the waiver. *See Melancon*, 972 F.2d at 568 (holding that the district court's misstatement at sentencing regarding the defendant's right to appeal had no effect on whether the waiver of right to appeal was voluntary and knowing). Accordingly, because the record shows that Gonzalez's waiver of appeal was informed and voluntary, we find that the waiver precludes review of the drug-quantity and role adjustment issues Gonzalez raises on appeal.

■ Gonzalez next contends that his plea should be vacated because the district court violated Federal Rule of Criminal Procedure 11.[1] He maintains that the district court failed to adequately explain the ramifications of the appeal-waiver provision and that "had the court ultimately advised [him] that his written plea agreement would bar him from appealing his sentence, he might not have been willing to go through with his plea." The record belies this contention. In light of the extensive discussion of the waiver at the time of Gonzalez's guilty plea, he was aware of the provision. Furthermore, even after the discussion of the waiver during the plea hearing, Gonzalez stated that he was aware that he was waiving his right to appeal his sentence as part of the plea agreement. Again, the record indicates that Gonzalez's waiver was informed and voluntary.

---

1. Gonzalez's allegations concerning the district court's failure to comply with Rules 11(d) and (e)(2) are without merit. The existence of the plea agreement was disclosed in open court. Although the district court failed to determine specifically whether Gonzalez's willingness to plead guilty resulted from prior discussions between the government and him or his counsel, this error was harmless. *See* Fed.R.Crim.P. 11(d); *United States v. Johnson*, 1 F.3d 296, 301–03 (5th Cir.1993) (en banc) (reviewing violations of Rule 11 for harmless error). The court ensured that Gonzalez had signed the plea agreement, which had resulted from discussions between Gonzalez and the government.

■ The government, "in the interest of candor," notes that the quantity of marijuana involved in the offense was not alleged in the indictment, and, therefore, Gonzalez's sentence of 78–months' imprisonment may violate the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzalez did not raise the *Apprendi* issue.[2] We may raise an issue *sua sponte* "even though it is not assigned or specified," when "plain error is apparent." *United States v. Pineda–Ortuno*, 952 F.2d 98, 105 (5th Cir.1992) (citing *Silber v. United States*, 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L.Ed.2d 798 (1962) and *United States v. Adams*, 634 F.2d 830, 836 (5th Cir. Unit A January 1981)). Further, when the government, to its credit, calls our attention to an *Apprendi* issue, "fairness[,] as well as judicial economy[,] dictate that we address ... th[e] issue," particularly when it would be "raised in a subsequent habeas proceeding." *Id.* We review an issue not raised below only for plain error, see *id.*, which is defined as "(1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir.2000).

■ "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362–63. *Apprendi* requires the government to allege drug quantity in the indictment, submit it to the jury, and prove it beyond a reasonable doubt when the government seeks a sentence pursuant to the 21 U.S.C. § 841(b) provisions triggered only by specified drug quantity ranges. *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir.2000).

■ Gonzalez's indictment fails to allege a drug quantity. In light of that failure, § 841(b)(1)(D) sets forth the statutory maximum to which Gonzalez may be sentenced, which due to the absence of a prior felony drug conviction is 5 years (or 60 months). *See United States v. Garcia*, 242 F.3d 593, 599–600 (5th Cir.2001) (§ 841(b)(1)(D) is the "default provision" for a drug charge involving marijuana). The maximum term of supervised release to which Gonzalez can be sentenced is 3 years. *See* 21 U.S.C. § 841(b)(1)(D) (establishing only a statutory minimum of 2 years' supervised release); 18 U.S.C. § 3583(b)(2) (default supervised release statute providing a term of supervised release of "not more than three years" for Class D felonies); 18 U.S.C. § 3559 (defining a Class D felony as an offense for which the maximum term of imprisonment is less than ten years but equal to or greater than five years). Gonzalez's sentence of 78 months' term of imprisonment and 5 years' supervised release obviously exceeds the statutory maximum and as such his sentence is plainly erroneous. We also find that the additional 18 months' imprisonment and 2 years' supervised release affects Gonzalez's substantial rights. *See United States v. Cabral–Castillo*, 35 F.3d 182, 189 (5th Cir.1994) (finding that defendant's substantial rights were affected where the district court calculated a sentencing range of 188 to 255 months based on an erroneous criminal history category, when the range using the correct criminal history was 151 to 188 months, even though the defendant was sentenced

---

**2.** Judgment was entered in Gonzalez's case on May 15, 2000. *Apprendi* was decided June 26, 2000. *Apprendi*, 530 U.S. at 466, 120 S.Ct. at 2348. Gonzalez's brief was filed November 17, 2000.

to 188 months' imprisonment); *cf. Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) ("Authority does not suggest that a minimal amount of additional time in jail cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). Moreover, we find that the exercise of our discretion to correct this error is warranted.[3] We have elsewhere

---

3. Our precedent reveals that there are two subsets of *Apprendi* claims: (1) where the indictment alleged drug quantity but the jury was not instructed as to that element, see, e.g., *United States v. Green*, 246 F.3d 433, 436 (5th Cir.2001); and (2) where the indictment failed to allege drug quantity, see, e.g., *United States v. Vasquez–Zamora*, 253 F.3d 211, 212 (5th Cir.2001). We have declined to correct the former errors, but have corrected the latter errors. *Compare United States v. Miranda*, 248 F.3d 434, 445–46 (5th Cir.2001); *Green*, 246 F.3d at 437; *United States v. DeLeon*, 247 F.3d 593, 597–98 (5th Cir.2001); *and United States v. Slaughter*, 238 F.3d 580, 583–84 (5th Cir.2000); *with Vasquez–Zamora*, 253 F.3d at 212; *and United States v. McWaine*, 243 F.3d 871, 874–75 (5th Cir.2001).

Though unstated, driving our decision to correct those *Apprendi* errors in the second subset is the district court's jurisdiction to impose the defendant's sentence. The indictments in these cases, though sufficient, charge only an offense for which no drug quantity need be stated. The district court has the jurisdiction to sentence the defendant only to a sentence equal to or less than the statutory maximum of the offense that the indictment charges. *See United States v. Fletcher*, 121 F.3d 187, 193 (5th Cir.1997) (finding harmless error in constructive amendment of indictment but vacating sentence because it exceeded the statutory maximum of the offense charged in the indictment); *Packnett v. United States*, 503 F.2d 949, 950 (5th Cir.1974) (noting that if the defendant had been sentenced for felony offense where the indictment failed to allege the element that would make the offense charged a felony, the sentence would have to be vacated). Conversely, the district court lacks the jurisdiction to impose a sentence exceeding the statutory maximum of the offense alleged in the indictment, as it did here in imposing a sentence of 78 months' imprisonment and a term of 5 years' supervised release. Moreover, because of the jurisdictional nature of the error, evidence adduced at trial supporting the drug quantity or stipulations made by the defendant as to the drug quantity are not relevant to our analysis of an *Apprendi* claim in which the indictment fails to allege drug quantity. We acknowledge that this conclusion puts us at odds with other circuits' handling of similar *Apprendi* cases. *See United States v. Duarte*, 246 F.3d 56, 62 and 63 (1st Cir.2001) (finding that although indictment failed to allege drug quantity and *Apprendi* sentencing error had occurred, the defendant's substantial rights had not been affect because of the "overwhelming" evidence of his "complicity in distributing more than 1,000 kilograms of marijuana" and collecting similar cases from other circuits). This divergence in approach existed prior to the case at bar. Here, we are merely explicating why in our *Apprendi* cases in which the indictment fails to allege drug quantity we have corrected the *Apprendi* error without reference to evidence offered at trial or the defendant's stipulations. *See, e.g., Vasquez–Zamora*, 253 F.3d at 212; *United States v. Meshack*, 225 F.3d 556, 557 (5th Cir.2000) *amended on reh'g* 244 F.3d 367 (5th Cir.2001).

The special concurrence faults us for not paying enough heed to the notice purpose served by indictments. Under the notice-focused analysis offered by the special concurrence, the sentence imposed would be decisive in determining what offense the indictment is to be construed as charging. As a result, in this case, because Gonzelez's sentence is one authorized by § 841(b)(1)(B) and not § 841(b)(1)(D), this analysis asks us to begin with the assumption that the indictment intended to charge an offense under § 841(b)(1)(B). This analysis also requires the use of evidence extrinsic to the indictment to supply the otherwise missing element. Here, Gonzalez's indictment contains two conflicting statutory citations—one to § 841(b)(1)(D) and the other to § 841(b)(1)(B). And contrary to what the parenthetical included in the special concurrence's statement that the indictment's heading alleges that "Gonzalez is charged with violating 841(b)(1)(B) (100 kilograms or more of marijuana)" might suggest upon a quick read, the indictment contains no allegation of drug quantity. Because the indictment does not contain an allegation of

corrected sentences that exceeded the statutory maximum by an even smaller margin than the margin of difference present in this case. *See Vasquez–Zamora,* 253 F.3d at 212–14 (finding *Apprendi* error and vacating sentence of 65 months' imprisonment and a 5 year term of supervised release, where the statutory maximum was 60 months' imprisonment and a 3 year term of supervised release). Additionally, correcting the error does not require a new trial but merely resentencing of Gonzalez in accordance with 21 U.S.C. § 841(b)(1)(D). *See McWaine,* 243 F.3d at 875 (remanding for resentencing pursuant

to the relevant statutory maximum); *Meshack,* 225 F.3d 556 (5th Cir.2000) *amended on reh'g* 244 F.3d 367, 367 (5th Cir.2001) (same). Therefore, we vacate Gonzalez's sentence.

For the foregoing reasons, we AFFIRM Gonzalez's conviction, VACATE his sentence and REMAND for resentencing.

ROBERT M. PARKER, Circuit Judge, specially concurring:

I concur specially to note some troubling aspects of our developing *Apprendi* jurisprudence.

---

drug quantity, the special concurrence's analysis requires us to use Gonzalez's stipulation to resolve the citation conflict and supply the otherwise missing drug quantity allegation. While this analysis accounts for notice, it contravenes another purpose an indictment serves: assurance that the grand jury found probable cause for each of the elements of an offense. *United States v. Cabrera–Teran,* 168 F.3d 141, 143 (5th Cir. 1999). Events subsequent to the issuance of the indictment do little to inform us of the elements of an offense for which the grand jury found probable cause; instead, the indictment itself is the sole record of the grand jury's probable cause findings. It is this purpose that has caused us, in spite of the absence of a lack of notice, to reject attempts to cure facially deficient indictments with evidence adduced at trial or, in the guilty plea context, with a criminal complaint. *See United States v. Deisch,* 20 F.3d 139, 145 (5th Cir.1994) *overruled on other grounds by United States v. Doggett,* 230 F.3d 160, 165 (5th Cir.2000) (the indictment assures that the grand jury found probable cause for each element of the offense and is reflected in "the rules that the failure of the indictment to allege all elements of the offense may not be cured by evidence or instructions at trial, nor by a bill of particulars"); *Cabrera–Teran,* 168 F.3d at 144 (reviewing for maximum liberality and rejecting government's attempts to use criminal complaint and defendant's review of records from prior hearing to cure facial insufficiency).

Although the special concurrence relies on *United States v. Fitzgerald,* 89 F.3d 218 (5th

Cir.1996), *Fitzgerald* does not give credence to viewing the indictment in light of sentencing nor does it permit us to use evidence extrinsic to the indictment to resolve conflicting citations or otherwise supply elements not included in the indictment. Instead, *Fitzgerald* addressed only the question of whether a factual allegation contained in an indictment's heading could be considered in determining whether the indictment was sufficient. *See Fitzgerald,* 89 F.3d at 222 (holding that the allegation contained within an indictment's caption can be used to "cure a defect in the body of the indictment"). Nor does Fed. R. Crim P. 7(c)(3) permit the analysis suggested by the special concurrence, as it pertains to erroneous citations where the indictment otherwise alleges the elements of the offense. *See, e.g., Theriault v. United States,* 434 F.2d 212, 213 n. 2 (5th Cir.1970) (applying Rule 7(c)(3) to find harmless error where the indictment transposed the numbers in the statutory provision cited and the elements of the offense were set out in the indictment).

Ultimately, it is only if we reason backwards and assume that sentencing was without error do we have to consider whether the indictment and the plea can be interpreted with sufficient liberality to encompass the sentence. On its face, the indictment alleges an offense under § 841(a)(1) and (b)(1)(D). The absence of a drug quantity allegation comports with the citation to the default provision, rather than conflicting with it as the special concurrence suggests. Thus, the case at bar is best viewed as one in which the indictment was without error, the plea was without error, and the error occurred at sentencing.

Gonzalez entered a plea of guilty and stipulated to over 500 pounds (over 100 kilograms) of marijuana, which is an amount sufficient to trigger the enhanced penalties of § 841(b)(1)(B). There was never any dispute about this drug quantity. Gonzalez makes no argument, and I perceive none, that the fairness, integrity or public reputation of judicial proceedings is impugned by the sentence imposed in this case. For these reasons, it is my position that we should decline to correct the plain error in Gonzalez's indictment. However, I recognize that *United States v. Vasquez–Zamora*, 253 F.3d 211 (5th Cir. 2001) controls and requires remand for resentencing. *Vasquez–Zamora* offers no analysis concerning why pre-*Apprendi* guilty pleas involving undisputed drug amounts should be remanded under our classic plain error analysis. I remain unconvinced that such a path is constitutionally necessary or wise.

In a related but separate analysis set out in footnote 3, the panel majority determined that the *Apprendi* error in Gonzalez's indictment deprived the court of jurisdiction to sentence him above the maximum sentence allowed under the default provision of the drug statute. *See also United States v. Longoria*, 259 F.3d 363 (5th Cir.2001)(reaching the same conclusion as to Longoria, Gonzalez's codefendant prosecuted under the same indictment).

An indictment, the right to which is guaranteed by the Fifth Amendment, serves three purposes: (1) to ensure that the grand jury finds probable cause to believe that Gonzalez committed each element of the offense; (2) to protect against double jeopardy; and (3) to give notice of the offense charged. *United States v. Ca-*

*brera–Teran*, 168 F.3d 141, 143 & n. 5 (5th Cir.1999). "To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense." *Id.* at 143. "An indictment's failure to charge an offense constitutes a jurisdictional defect." *Id.* However, if an objection is raised for the first time on appeal[1] and the appellant does not assert prejudice, the indictment is to be read with maximum liberality finding it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted. *Id.* (citing *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996)).

In addition to the "maximum liberality" review dictated by the procedural posture of the present case, I am mindful of Federal Rule of Criminal Procedure 7(c)(3), which states that error in the citation of the statutory provision allegedly violated "shall not be grounds for dismissal of the indictment ... or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." I would therefore view any error in statutory citation through Rule 7's harmless error lens.

The body of Gonzalez's indictment charges possession of "a quantity of marijuana," omitting the allegation of the amount of marijuana. We have previously considered whether an indictment that fails to allege in the body a drug amount necessary to make a felony out of a misdemeanor drug charge is nonetheless sufficient if the caption and heading make the necessary allegations. *Fitzgerald*, 89 F.3d at 222. In *Fitzgerald*, the body of the indictment was silent concerning the amount of drugs the defendant allegedly

---

1. Although this issue was not preserved in the trial court, the plain error standard of review is inapplicable because jurisdictional errors may be raised at any time and are not forfeited by the parties' failure to assert a timely objection. *Fitzgerald*, 89 F.3d at 221 n. 1.

possessed, but the caption stated, "Violation: 21 U.S.C. § 844 Possession of over 5 grams of cocaine base." *Id.* at 221. We held that the caption cured the defect in the body of the indictment, when the indictment was read with maximum liberality. *Id.* at 222.

The indictment in this case is less clear than the one we examined in *Fitzgerald.* Here, the heading reads [VIO: COUNT ONE: 21 U.S.C. 841(a)(1) & (b)(1)(B) & 846, CONSPIRACY TO POSSESS W/INTENT TO DISTRIBUTE MARIJUANA]. However, the caption reads: "[21 U.S.C. 841(a)(1) & (b)(1)(D) & 846]"[sic]. The caption's reference to the "default" provision, 841(b)(1)(D) that requires proof of **any** amount of marijuana conflicts with the allegation in the heading that Gonzalez is charged with violating 841(b)(1)(B)(100 kilograms or more of marijuana) and the silence in the body of the indictment. Reading the indictment with maximum liberality, I would hold that the indictment was sufficient to advise Gonzalez that he was subject to punishment for possession of 100 kilograms or more of marijuana. There is nothing in the record before us that indicates that Gonzalez was mislead by the *Apprendi* error. *See United States v. Johnson,* 476 F.2d 1251, 1255 (5th Cir.1973)(holding that the purpose of an indictment is to inform the accused of the nature of the charges against him with such specificity and particularity that the accused may prepare an adequate defense). He was aware when he was indicted and when he entered his guilty plea that he was facing the penalty range set out in § 841(b)(1)(B). In fact, the correct statutory provision was referenced on the face of his indictment. Therefore, I would hold that the indictment was sufficient to bestow the district court with jurisdiction to impose Gonzalez's sentence within the statutory range set forth in § 841(b)(1)(B).

Neither the panel opinion nor *Longoria,* the companion case, considers whether, under the maximum liberality rule and the analysis dictated by *Fitzgerald,* the inconsistencies in this indictment deprived Gonzalez of the notice to which he is constitutionally entitled. I write separately to note my disagreement with the panel's failure to consider the question of the district court's jurisdiction under clearly applicable precedent as well as my disagreement with its conclusion regarding jurisdiction.

In sum, I concur specially, agreeing with the panel majority that our circuit's precedent dictates remand in this case.