IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30528
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ISAAC KNAPPER, also known as Jerry,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-252-K
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Isaac Knapper appeals his conviction following a guilty plea for conspiracy to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) and money laundering in violation of 18 U.S.C. § 1956. He also challenges the sentence imposed by the district court following his conviction.

Knapper argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. As Knapper concedes, a defendant has no absolute right to unilaterally

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw a previously entered guilty plea. <u>United States v. Brewster</u>, 137 F.3d 853, 857 (5th Cir. 1998). Knapper has never asserted his innocence as to the underlying offenses of conviction. Rather, he asserts that he is innocent of the facts which form the basis for the district court's enhancement of his base offense level under the Sentencing Guidelines due to his leadership role in the offense. Based on a totality of the circumstances, <u>United States v. Badger</u>, 925 F.2d 101, 104 (5th Cir. 1991), the district court did not abuse its discretion in denying Knapper's motion. <u>See</u> <u>United States v. Grant</u>, 117 F.3d 788, 789 (5th Cir. 1997).

Knapper also challenges the district court's application of the Sentencing Guidelines and the resultant sentence. Knapper made an informed and knowing waiver of his right to appeal except in the case where the sentence imposed exceeded the statutory maximum or where the sentence constituted an upward departure from the guideline range. Because neither of those conditions are implicated by the sentence imposed by the district court, this court is precluded from reviewing this issue. <u>See</u> <u>United States v. Gonzalez</u>, 259 F.3d 355, 358 (5th Cir. 2001).

AFFIRMED.