IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10482
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTEO OCHOA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-409-3-R
--------------------
February 15, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Timoteo Ochoa appeals his guilty-plea conviction for possession with the intent to distribute two pounds of methamphetamine. See 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1). He argues that his substantial rights were affected by alleged variances with the dictates of FED. R. CRIM. P. 11, and thus, his guilty-plea conviction should be vacated. We AFFIRM.

Ochoa's primary contention is that the magistrate judge[**] failed to apprise Ochoa in open court and determine that Ochoa

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Ochoa entered his guilty plea before the magistrate judge. See United States v. Dees, 125 F.3d 261, 264-65 (5th Cir. 1997).

understood the waiver-of-appeal provision in the plea agreement. See RULE 11(c)(6). RULE 11(c)(6) requires the court, before accepting the guilty plea, to inform the defendant and determine that the defendant understands "any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." A review of rearraignment reveals that the magistrate judge failed to comply with this rule. However, no sentencing error is asserted on appeal. Cf. United States v. Teeter, 257 F.3d 14, 27 (1st Cir. 2001) (RULE 11(c)(6) error results in appellate court reviewing sentencing issues). Thus, the error is harmless. See RULE 11(h); United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

Ochoa also argues that RULE 11 error ensued from the court reporter's failure to record the summary of the plea agreement given by the Assistant U.S. Attorney and from the magistrate judge's failure to determine whether Ochoa's decision to plead guilty resulted from prior discussions between the parties. Our independent review detects no variance with RULE 11. See United States v. Gonzalez, 259 F.3d 355, 358 n.1 (5th Cir. 2001).

AFFIRMED.