UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan PRIETO–ROMERO,
Defendant–Appellant.

No. 00–50602.
D.C. No. CR–99–1318–JTM.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 9, 2001.

Submitted June 20, 2002.

Decided June 24, 2002.

Before HALL, MICHEL,* and TROTT, Circuit Judges.

## MEMORANDUM**

On May 19, 2000, Juan Prieto–Romero pled guilty under a written Plea Agreement to conspiracy to possess with intent to distribute and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). As agreed in the Plea Agreement, he received a five-year custodial sentence followed by three years of supervised release. On appeal, Prieto–Romero argues that (1) the district court violated his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment of the U.S. Constitution; and (2) the district court lacked jurisdiction to sentence him to a five-year term of imprisonment and thereby violated his due process rights as recognized by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and now affirm.

## Background

In 1996, the Federal Bureau of Investigation began an undercover investigation into the Sandoval/Tijuana cartel, a drug trafficking organization. Through authorized wiretaps, the FBI learned that on three occasions, Prieto–Romero drove a horse trailer loaded with marijuana into the United States from Mexico. On August 20, 1998, on one such trip, other federal authorities discovered the marijuana hidden in Prieto–Romero's horse trailer. They arrested Prieto–Romero and he was later indicted for importing and possessing with intent to distribute 302 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960 in Criminal Case No. 98CR2707. Although Prieto–Romero was convicted of the crimes charged, a new trial was granted. On April 30, 1999, the government indicted Prieto–Romero and 15 co-defendants on 15 counts relating to two drug conspiracies that began in 1996 and continued up until the time of the indictment ("the 99CR1318 case"). The indictment included Prieto–Romero's August 20, 1998 importation.

## A Speedy Trial Act

The Speedy Trial Act "provides a seventy day limit from the date of the ... indictment or the date on which the defendant appears before a judicial officer of the court, whichever comes last, to the commencement of trial." 18 U.S.C. § 3161(c)(1). The Act mandates dismissal of an indictment upon defendant's motion if the seventy-day period is exceeded. 18 U.S.C. § 3162(a)(2). Certain periods may be excluded from the calculation, however, including periods of time resulting from the complexity of the case. *See* 18 U.S.C. § 3161(h)(8).

Appellant filed repeated motions under the Speedy Trial Act. We review without deference the district court's denial of a motion to dismiss for violation of the Speedy Trial Act. *United States v. Pena–Carrillo*, 46 F.3d 879, 882 (9th Cir.1995). We review the district court's factual findings under the Act for clear error. *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir.1998).

---

* The Honorable Paul R. Michel, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ Prieto–Romero argues that by waiting more than a year without bringing him to trial, the government violated his rights under the Speedy Trial Act. He further argues that the delay induced him to plead guilty. And he contends that the trial of the charges against him should not have been delayed, for the delay caused by his co-defendants' pretrial motions should not be attributed to him and in any event, such delay was unreasonable. He argues that his case was just a "simple border bust" and, thus, that the resolution of his co-defendants' pretrial motions was not relevant to his case.

We need not decide whether Prieto–Romero's speedy trial clock was reset when the government indicted Prieto–Romero in the 99CR1318 case or whether the motions filed by Prieto–Romero's co-defendants applied to Prieto–Romero's clock, for the complexity provision of the Act by itself justified the delay. *See* 18 U.S.C. § 3161(h)(8). In denying Prieto–Romero's motion on grounds that a complexity exclusion applied to toll the time period under 18 U.S.C. § 3161(h)(8), the district court found the delay justified due to the complexity of the issues, the prolonged discovery process, the wiretap evidence and the large number of defendants. This finding of complexity was not clearly erroneous. We therefore reject Prieto–Romero's Speedy Trial Act contention.

## B   Sixth Amendment Speedy Trial Right

■ Prieto–Romero also argues that the year-long delay violated his Sixth Amendment right to a speedy trial. In determining whether a Sixth Amendment violation occurs in this context, courts conduct "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

In so doing, courts consider four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the assertion of speedy trial rights; and (4) the prejudice to the defendant. *Id.* This issue requires *de novo* review. *United States v. Beamon,* 992 F.2d 1009, 1012 (9th Cir.1993).

The Sixth Amendment, we hold, was not shown to have been violated in this case. Although the district court did not explicitly and separately discuss each of the *Barker* factors, it found that no Sixth Amendment violation occurred because the facts in this case were distinguishable from *Barker.* We agree. Prieto–Romero has not demonstrated prejudice as a result of the delay and, moreover, he does not even allege how the delay might have impaired any defenses. *Barker,* 407 U.S. at 532, 92 S.Ct. 2182. Further, by pleading guilty, Prieto–Romero was also waiving possible defenses. Accordingly, we reject Prieto–Romero's Sixth Amendment challenge.

## C   *Apprendi* Issue

■ Prieto–Romero next argues that the district court improperly sentenced him to a five-year period of incarceration in violation of his due process rights as recognized under *Apprendi.* Citing *United States v. Cotton,* —— U.S. ——, 122 S.Ct. 1781, —— L.Ed.2d —— (2002) as well as decisions from other circuits, he argues that because the count to which he pled in his indictment failed to allege either a type or quantity of drugs, the district court lacked jurisdiction to sentence him to more than one year in custody—the least onerous penalty under 21 U.S.C. § 841(b) for an indeterminate quantity. Because Prieto–Romero raised the *Apprendi* issue before the district court, our standard of review is *de novo*. *United States v. Garcia–Guizar,* 234 F.3d 483, 488 (9th Cir. 2000).

We hold that the district court had jurisdiction to sentence Prieto–Romero to five years in custody. Put simply, the Supreme Court's recent decision in *Cotton* vitiates Prieto–Romero's jurisdictional argument, holding that the failure to include a sentence-enhancing fact in a federal indictment does not deprive a federal court of jurisdiction. *See* 122 S.Ct. at 1784–85. Thus, as the Supreme Court has squarely foreclosed Prieto–Romero's *Apprendi* argument, we must reject it outright.

To the extent that *Cotton* does not overrule the other precedents that Prieto–Romero relies on, we find these precedents distinguishable. In *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir.2001), for example, the Fifth Circuit held that the district court lacked jurisdiction to sentence the accused to a term based on a drug quantity not alleged in the defendant's indictment. There, the accused admitted in his Plea Agreement that he had delivered 500 pounds of marijuana; unlike here, however, the sentencing judge in *Gonzalez* went on to find the accused responsible for 777 kilograms. *Id.* In this case, by contrast, the district court sentenced Prieto–Romero based on the exact type and quantity of drugs that he admitted to in his Plea Agreement and during his plea colloquy. Thus, Prieto–Romero cannot liken himself to the accused in *Gonzalez.*

In *United States v. Longoria*, meanwhile, the Fifth Circuit again held that the district court lacked jurisdiction, reasoning that the indictment not only failed to allege a drug quantity but also specifically referred to 18 U.S.C. § 841(b)(1)(D), the statutory provision under which the defendant had to be sentenced. 259 F.3d 363, 365 (5th Cir.2001). Unlike here, however, the *Longoria* defendant never stipulated to a drug quantity in the Plea Agreement. In addition, the indictment here also did not identify the relevant sentencing provision, meaning the district judge did not act contrary to the indictment when he sentenced Prieto–Romero.

And unlike the cases cited by Prieto–Romero, the indictment here also stated the type and quantity of drugs at issue. Although the type and quantity did not appear in count 1 of the indictment—the count to which Prieto–Romero pled guilty—the type and quantity of drugs upon which he was sentenced do appear in the other counts of the indictment and were admitted by Prieto–Romero in the Plea Agreement. Again, therefore, the district court had jurisdiction to impose a custodial term of five years.

Finally, Prieto–Romero's sentence did not violate the rule of *Apprendi.* In *United States v. Silva*, 247 F.3d 1051, 1060 (9th Cir.2001), we held that even though the count of the indictment to which the defendants had pled guilty did not allege a specific drug quantity, the defendants nevertheless waived their right to have a jury determine the amount of drugs involved because they had admitted to that quantity in their Plea Agreements. Likewise, Prieto–Romero acknowledged in his Plea Agreement and during the plea colloquy that he had transported 302 kilograms of marijuana on August 20, 1998. *Compare Silva, supra.* Based on the facts admitted by Prieto–Romero as to the type and quantity of drugs, the district court lawfully sentenced him to five years' imprisonment—the shortest sentence in the range of penalties that he had specifically agreed to in the Plea Agreement and during the plea colloquy. Prieto–Romero's admission established beyond a reasonable doubt the drug type and quantity. *See United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) ("Stipulations as to material facts ... will be deemed to have been conclusively established."). Accordingly, Prieto–

Romero's due process rights under *Apprendi* were not violated.[1]

AFFIRMED.

---

**1.** Because no *Apprendi* violation occurred, we need not address the government's argument that *Apprendi* does not apply, for the five-year sentence that Prieto–Romero pled to and received did not exceed the statutory maximum for an undetermined amount of marijuana under 21 U.S.C. § 841(b). Nor does our recent decision in *United States v. Buckland*, 289 F.3d 558, 565–67 (9th Cir.2002) (*en banc*) control here or even merit close attention, as that precedent simply joined eight other circuits in holding that *Apprendi* did *not* render certain provisions under 21 U.S.C. § 841 facially unconstitutional.

