**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**May 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50879
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO ADRIAN MARTINEZ-RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-03-CR-70-1 WWJ

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hugo Adrian Martinez-Rodriguez ("Martinez") appeals from his
thirty-seven month sentence for possession of more than 100
kilograms of marihuana with intent to distribute and aiding and
abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18
U.S.C. § 2.   Martinez's sole contention on appeal is that the

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in denying his motion for a downward departure.

This court reviews *de novo* whether a waiver of appeal bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). As Martinez's sentence did not exceed the statutory maximum, and he is not arguing that the Government committed prosecutorial misconduct or that he received ineffective assistance of counsel, or that the Government in any way breached the plea agreement, none of the exceptions to the waiver of appeal applies in this case. Martinez, in his plea agreement, knowingly and voluntarily waived his right to appeal his sentence and he does not contend otherwise. *See United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); *see also United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997). Prior to sentencing the district court accepted the guilty plea, made pursuant to the plea agreement, as reflected in the magistrate judge's report and recommendation which the district court accepted. At the conclusion of sentencing the government, as it agreed to in the plea agreement, moved to dismiss the other count of the indictment, and the court granted the motion and dismissed that count (a conspiracy count). As the plea and plea agreement had already been accepted by the district court, the court's remarks at sentencing that the court rejected the part of the plea agreement waiving the right of appeal and, after sentencing the defendant, that it was rejecting the entire plea

2

agreement, all without any statement of reasons,[1] did not affect Martinez's otherwise valid waiver.  *See McClure v. Ashcroft*, 335 F.3d 404, 413 (5th Cir. 2003) (citing *United States v. Ritsema*, 89 F.3d 392, 398-99 (7th Cir. 1996)); *United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001); *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992).  The government argues that the plea agreement's waiver of appeal provision should be enforced by this court.  Martinez does not respond or address that matter at all. Martinez's waiver of appeal is enforceable and bars the present appeal.

APPEAL DISMISSED.

---

[1]The district court did state, without explanation, "this is the kind of case where the Fifth Circuit needs to instruct the courts of this circuit again."

3