# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40712
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ISABEL RENTERIA-VALENZUELA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-99-1

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Isabel Renteria-Valenzuela (Renteria) appeals the 77-month sentence imposed following his guilty plea conviction for illegal reentry following deportation after having been convicted of an aggravated felony. Renteria argues that the district court erred in applying the 16-level drug trafficking enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(i) to his offense level calculation, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he also raises an admittedly foreclosed challenge to the constitutionality of 8 U.S.C. § 1326(b) under Apprendi v. New Jersey, 530 U.S. 466 (2000).

Renteria's plea agreement contained an appeal waiver, which the Government seeks to enforce. Although the district court at sentencing purported to give Renteria the right to appeal its application of the drug trafficking enhancement, this "does not affect our determination" as to whether Renteria's waiver of appeal rights "was voluntary, knowing, and permissible." United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992); see also United States v. Gonzalez, 259 F.3d 355, 358 (5th Cir.2001). Our review is de novo. See Melancon, 972 F.2d at 567-68.

Renteria acknowledges that, by its terms, the appeal waiver included in his plea agreement precludes his appeal of the 16-level enhancement issue, but he contends that the waiver should not be enforced because he did not knowingly and voluntarily agree to it. To the contrary, the record reveals that Renteria's appeal waiver was knowing and voluntary; the district court fully advised Renteria of the consequences of both his plea and the appeal waiver. See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993). The district court's statements during sentencing regarding Renteria's right to appeal did not negate an otherwise knowing and voluntary waiver. See Gonzalez, 259 F.3d at 358. We therefore enforce the waiver and do not reach the merits of Renteria's challenge to the 16-level drug trafficking enhancement.

In light of Apprendi, Renteria challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.