# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2010

No. 09-40410
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR OROPEZA,

Defendant-Appellant

Consolidated with No. 09-40411

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR ABRAHAM OROPEZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-658-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Oscar Oropeza has appealed his convictions on two counts of participation in drug conspiracies and the five-year term of supervised release imposed for his money laundering conspiracy conviction. Oropeza argued that his convictions for the two drug conspiracy counts violated the Double Jeopardy Clause. However, Oropeza has withdrawn this argument and advised the court that we need not review this issue. Thus, Oropeza has waived this argument. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

Oropeza argues that the five-year term of supervised release imposed for his conviction under Count Two of the Brownsville indictment exceeded the three-year statutory maximum term authorized for his money laundering conspiracy offense. The Government concedes that the five-year term of supervised release imposed was erroneous.

Pursuant to 18 U.S.C. § 1956(h), "[a]ny person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." The underlying offense charged in Count Two of the Brownsville indictment was money laundering, which carries a maximum statutory penalty of 20 years of imprisonment and is thus a Class C felony. § 1956(a)(1); 18 U.S.C. § 3559(a)(3). Therefore, the permissible term of supervised release for Count Two was not more than three years. 18 U.S.C. 3583(b)(2).

The sentence with respect to the five-year term of supervised release imposed on Count Two in the Brownsville indictment is vacated, and the case is remanded to the district court for resentencing on the term of supervised release imposed for the money laundering conspiracy count. *See United States v. Gonzalez*, 259 F.3d 355, 361 & n. 3 (5th Cir. 2001).

SENTENCE VACATED IN PART AND REMANDED.