# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 18, 2013

No. 13-40212
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEMEL HERRERA-DELGADILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-602-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Josemel Herrera-Delgadillo pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute more than 500 grams of methamphetamine. In the plea agreement, Herrera-Delgadillo waived the right to appeal her conviction and sentence on all grounds and retained only the right to appeal a sentence that exceeded the statutory maximum or which resulted from an upward departure not requested by the Government. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

varied downwardly from the advisory guidelines range and sentenced Herrera-Delgadillo to the statutory minimum sentence of 120 months of imprisonment.

On appeal, Herrera-Delgadillo argues for the first time that the appeal waiver is ineffective because the district court did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the district court to make sure before accepting a guilty plea that the defendant understands the terms of any appellate-waiver provision.  She asserts that the district court described the waiver only generally and did not advise her adequately about the implications of the waiver or the limitations that the waiver imposed on her appellate rights.  Because Herrera-Delgadillo did not specifically object to the plea colloquy as it pertains to Rule 11(b)(1)(N), our review is for plain error only.  *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011).

The record reflects that the Rule 11 plea colloquy was sufficient to ensure that Herrera-Delgadillo understood the terms of the appeal waiver and that the waiver was knowing and voluntary.  *See United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001); *Oliver*, 630 F.3d at 411-12.  The district court confirmed that she read and understood the plea agreement containing the appeal waiver, and she did not raise questions or express confusion about its terms.  The prosecutor at rearraignment delineated the terms of the waiver, including the exceptions, and Herrera-Delgadillo averred that the prosecutor's summary conformed with her understanding of the waiver.  The district court separately advised Herrera-Delgadillo that she was waiving her right to appeal her conviction and sentence except under "very limited circumstances" – i.e., the exceptions expressly noted by the prosecutor and contained in the plea agreement that she stated that she read and understood.  Accordingly, Herrera-Delgadillo has not shown any error with regard to the Rule 11 plea colloquy.  *See Oliver*, 630 F.3d at 412; *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Herrera-Delgadillo nonetheless asserts that the appeal waiver does not apply because she seeks to raise an issue that falls within an exception to the

waiver.  She argues that the district court erroneously determined that she was not entitled to safety-valve relief pursuant to U.S.S.G. § 5C1.2, and that the denial of safety-valve relief was tantamount to an upward departure.  However, application of the safety valve does not implicate a departure and, in this case, the district court denied safety-valve relief at the request of the Government and opted to impose the statutory minimum sentence after varying downwardly from the guidelines range based upon the sentencing factors in 18 U.S.C. § 3553(a).  *See* § 5C1.2; *see also* U.S.S.G. § 5G1.1, comment; *United States v. Flanagan*, 80 F.3d 143, 148 n.4 (5th Cir. 1996).  Thus, Herrera-Delgadillo's challenge to the denial of safety-valve relief falls within the terms of the waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.