# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50908
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

DAVERNE MICHAEL FOY,

  Defendant - Appellant

Appeal from the United States United States District Court
for the Western District of Texas
USDC No. 1:17-CR-172-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

  Daverne Michael Foy appeals the 90-month, above-guidelines sentence he received upon pleading guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana. Foy asserts that the district court plainly erred by applying an upward variance based on uncharged criminal conduct. He also contends that his sentence is

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedurally and substantively unreasonable. The Government asks us to enforce the waiver, contained in the plea agreement, of Foy's right to appeal his sentence "on any ground, including . . . the determination of any period of confinement[.]"

"[A] defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence." *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). We review de novo whether the appeal waiver bars Foy's appeal. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). In so doing, we "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Foy does not argue that his appeal waiver was in any way unintelligent or involuntary and has therefore waived that issue. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). In any event, the record reflects that Foy's waiver of his appeal rights was "a voluntary, knowing, and intelligent act." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). Furthermore, the waiver applies to the circumstances at issue in this case; the sole exception, permitting an appeal of a sentence exceeding the statutory maximum, is inapplicable. *See* 21 U.S.C. § 841(b)(1)(B)(vii). Although the district court wrongly advised Foy that he could appeal his above-guidelines sentence notwithstanding the waiver, it did so only at sentencing; as such, the court's misstatement "ha[d] no effect on the validity of the waiver." *United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001).

Because Foy made an informed and voluntary waiver of his right to appeal his sentence on the grounds he now advances, the Government is entitled to enforcement of the plea agreement. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006). Accordingly, Foy's appeal is DISMISSED.