# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10444
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANGEL NAVARRO, also known as Juanito,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-432-31

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Juan Angel Navarro pleaded guilty, pursuant to a plea agreement, to conspiring to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, and he was sentenced to 156 months of imprisonment and four years of supervised release. In the plea agreement, Navarro waived his rights to appeal from his conviction and sentence or to contest the conviction and sentence in any collateral proceeding,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10444

including proceedings under 28 U.S.C. §§ 2241 and 2255, with certain limited exceptions.

On appeal, Navarro argues for the first time that his guilty plea and appeal waiver are void because the district court did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court to make sure before accepting a guilty plea that the defendant understands the terms of any appellate-waiver provision.  He asserts that the magistrate judge failed to fully explain, during the plea colloquy, that he was waiving his "fundamental rights to post-conviction habeas corpus relief."  Because Navarro did not specifically object to the plea colloquy as it pertains to Rule 11(b)(1)(N), our review is for plain error only.  *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011).

The record reflects that the Rule 11 plea colloquy was sufficient to ensure that Navarro understood the terms of the appeal waiver and that the guilty plea and waiver were knowing and voluntary.  *See id.* at 411-12; *United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001).  The magistrate judge confirmed that Navarro read and understood the plea agreement containing the appeal waiver, and he did not raise questions or express confusion about its terms. The magistrate judge also specifically advised Navarro that he was waiving his "rights to appeal or otherwise contest or challenge" the conviction and sentence except under the "limited ways" expressly noted by the magistrate judge and contained in the plea agreement which he had signed.  Navarro indicated that he understood that he had those rights and that he was waiving them voluntarily and freely.  Accordingly, he has not shown any error with regard to the Rule 11 plea colloquy.  *See Oliver*, 630 F.3d at 412.

AFFIRMED.

2