# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

No. 24-20211
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Munson P. Hunter, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-85-1

---

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Munson P. Hunter, III pleaded guilty to wire fraud affecting a financial institution. The district court sentenced him to 51 months in prison and three years of supervised release.

On appeal, Hunter argues that the condition of supervised release requiring him to take mental health medication prescribed by his physician is

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not supported by the record and infringes on his fundamental due process liberty interest. Hunter also claims that the written condition is more burdensome than and conflicts with the oral pronouncement in that it fails to specify that the court may intervene to resolve any dispute between Hunter and the probation officer regarding the medication. The Government invokes the appeal waiver in the plea agreement, asserting that these claims are barred by the waiver.

We apply de novo review when considering whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). In this case, the appeal waiver bars Hunter's appeal of the medication condition and the purported conflict between the oral pronouncement and the written judgment as to that condition. *See United States v. Higgins*, 739 F.3d 733, 738-39 (5th Cir. 2014); *see also id.* at 739 (observing that oral and written sentences "may differ in content if they do not conflict but one merely addresses ambiguities in the other").

Contrary to Hunter's assertions, the district court's statement at the sentencing hearing that Hunter had a right to appeal did not impact the validity of the appeal waiver. *See United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001). We have also rejected Hunter's suggestion that the right to challenge an unconstitutional sentence cannot be waived. *See United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

Hunter further contends that the district court erred by including the reference to aiding and abetting in the written judgment's description of the offense of conviction. As the Government notes, this court has remanded for correction of a clerical error in a written judgment notwithstanding an enforceable appeal waiver. *See Higgins*, 739 F.3d at 739 n.16); *United States v. Rosales*, 448 Fed. App'x 466, 466-67 (5th Cir. 2011). Here, Hunter pleaded guilty to Count 5 of the superseding indictment, which charged him with

committing wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343 and the aiding and abetting statute at 18 U.S.C. § 2. Because the judgment therefore accurately reflects the offense that Hunter was indicted for and in fact pleaded guilty to, there is no clerical error and the judgment does not need to be corrected. *See United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020).

As to Hunter's arguments pertaining to the medication condition, the appeal is DISMISSED. As to Hunter's argument pertaining to the judgment's reference to aiding and abetting, the judgment is AFFIRMED.