**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel LONGORIA, Defendant–
Appellant.**

**No. 00–50405.**

United States Court of Appeals,
Fifth Circuit.

July 19, 2001.

Joseph H. Gay, Jr., Asst. U.S. Atty., Ellen A. Lockwood, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, San Antonio, TX, for Defendant–Appellant.

Before JONES, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:

Miguel Longoria appeals his sentence under the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Persuaded that his sentence was beyond the jurisdiction of the district court to impose, we vacate his sentence and remand for resentencing.

Longoria pled guilty to the charge of conspiracy to possess marijuana with intent to distribute. The indictment charging Longoria did not specify a quantity, but rather said only that the conspirators

agreed to "possess with intent to distribute a quantity of MARIJUANA." Longoria was sentenced to 69 months imprisonment and five years supervised release.

The *Apprendi* rule is now familiar: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63. In *United States v. Doggett*, 230 F.3d 160 (5th Cir.2000), we held that *Apprendi* applies to charges under 21 U.S.C. § 841, and requires that the quantity of drugs be submitted to a jury and proven beyond a reasonable doubt to be within that statutory provision establishing the possible punishment. *Id.* at 162. When a defendant is charged and convicted only of an unstated quantity, that defendant may only be sentenced under the applicable default provisions of § 841. For marijuana, § 841(b)(1)(D) states the default. *See United States v. Salazar–Flores*, 238 F.3d 672 (5th Cir.2001). It provides that for less than 50 kilograms of marijuana, an offender faces a maximum sentence of five years, or ten years if a recidivist. 21 U.S.C. § 841(b)(1)(D). Longoria's sentence of 69 months is 5.75 years, which exceeds the amount permitted by § 841(b)(1)(D).

Longoria, however, pled guilty. His guilty plea was not conditional, and did not reserve the right to appeal this issue. We must, therefore, confront the question of how, if at all, we review the deficiency in Longoria's indictment in light of his guilty plea. Failure to charge an offense in the indictment is a jurisdictional error. *See United States v. Richards*, 204 F.3d 177 (5th Cir.2000); *United States v. Cabrera–Teran*, 168 F.3d 141 (5th Cir.1999). The grand jury's issuance of an indictment is what gives federal courts jurisdiction to hear a criminal case and impose a sen-

tence. We hold that the failure of Longoria's indictment to charge a drug quantity and its specific reference to § 841(b)(1)(D) deprived the district court of jurisdiction to sentence Longoria under any provision other than § 841(b)(1)(D). Criminal cases are no exception to the rule that parties cannot, by consent or waiver, manufacture federal jurisdiction. As we have repeatedly held, a guilty plea does not waive jurisdictional defects. *See United States v. Armstrong*, 951 F.2d 626, 628 (5th Cir.1992); *United States v. Harper*, 901 F.2d 471, 472 (5th Cir.1990); *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir.1980).

We, therefore, VACATE Longoria's sentence and REMAND for resentencing in a manner consistent with this opinion.