**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-40844
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

MIKE SMITH, JR.,

Defendant - Appellant.

────────────────────────────────────────────

Appeal from the United States District Court for
the Eastern District of Texas

────────────────────────────────────────────

August 28, 2001

ON REMAND FROM THE SUPREME COURT

OF THE UNITED STATES

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:

This case comes to us on remand from the Supreme Court for
further consideration in light of <u>Apprendi v. New Jersey</u>, 530
U.S. 46 (2000).  Based on our conclusion that the district court
committed plain error in sentencing Smith under § 841(b)(1)(A)
rather than § 841(b)(1)(C), we vacate Smith's sentence and remand
for resentencing.

I.

A superseding indictment charged defendant Mike Smith, Jr.
with conspiracy to distribute cocaine and possession with intent

to distribute cocaine. Count one of the indictment charged that Smith and others violated 21 U.S.C. § 841(a)(1) and § 846 when they conspired to distribute an unspecified amount of cocaine base. Count two of the indictment charged that Smith violated §841(a)(1) when he possessed with intent to distribute cocaine base. Neither count specified what penalty subsection of § 841(b) was applicable, but did provide that the applicable penalty was not less than five years but not more than forty years.

Shortly after the superseding indictment was filed, the government filed, pursuant to 21 U.S.C. § 851, an "amended notice and information of prior conviction for purpose of increased punishment" regarding Smith. The notice provided that as Smith had three prior convictions for drug related offenses, he was subject to increased punishment under § 841(b)(1)(B). Section 841(b)(1)(B)(iii), 21 U.S.C., provides that any person who commits a specified drug offense involving 5 grams or more of a mixture containing cocaine base and who has a prior conviction shall be sentenced to a term of imprisonment of not less than 10 years and not more than life.

Smith pled guilty to count two, the possession count, and was found guilty following a jury trial on count one, the conspiracy count. The district court followed the recommendation of the presentence report and sentence Smith to a mandatory life sentence under § 841(b)(1)(A) on count one and to 235 months of

imprisonment on count two, with the sentences to run concurrently.  Under § 841(b)(1)(A), any person who commits a specified drug offense involving 50 grams or more of a mixture containing cocaine base and who has two or more prior felony drug convictions shall be sentenced to a mandatory sentence of life imprisonment.

On appeal, Smith challenged his life sentence on two grounds. This court rejected both arguments in an opinion filed May 31, 2000.  Smith filed a petition for writ of certiorari in the Supreme Court.  The Supreme Court granted Smith's petition and remanded the case to this court for "further consideration in light of Apprendi", which was decided after this court's original decision.  Smith v. United States, 121 S.Ct. 874 (2001).

II.

In Apprendi, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 466.  Accordingly, the government may not seek enhanced penalties based on drug quantities under 21 U.S.C. § 841(b)(1)(A) or (B) unless that quantity is charged in the indictment, submitted to the jury and proved beyond a reasonable doubt.  See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 121 S.Ct. 1152 (2001).  In this case, the indictment contained no reference to drug quantity and the

question of drug quantity was not submitted to the jury. Thus, the applicable statute is § 841(b)(1)(C), which provides for a 30-year maximum sentence for a defendant with a prior felony drug conviction. United States v. Meshack, 225 F.3d 556 (5th Cir. 2000), cert. denied, 121 S.Ct. 834 (2001), amended in part on rehearing by Meshack, 244 F.3d 367 (5th Cir. 2001). The government concedes that § 841(b)(1)(C) is the correct statute to apply to this case. However it argues that Smith is not entitled to relief in this case under the plain error standard of review because the evidence of drug quantity in excess of 5 grams of crack cocaine was overwhelming. The plain error standard applies because Smith did not raise these arguments in the district court. United States v. Miranda, 248 F.3d 434, 443 (5th Cir. 2001).

We affirmed a sentence under the plain error standard in United States v. Slaughter, but in Slaughter the indictment contained an express allegation of the type and quantity of controlled substance involved. Although the court did not instruct the jury that the quantities were elements of the offense on 3 of 4 counts, the record satisfied us that the jury had the indictment in the jury room during deliberations and that the government presented no evidence that could rationally lead a jury to the conclusion that the quantity of drugs stated in the indictment was not correct. United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000). However, we decline to extend that holding

to the situation presented here, where neither the indictment nor the jury instructions presented the issue of drug quantity to the jury.

III.

Accordingly, we VACATE Smith's sentence and REMAND for resentencing.  On remand, the district court must resentence Smith on count one pursuant to 21 U.S.C. § 841(b)(1)(C).

VACATED AND REMANDED.