IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50405
_____

UNITED STATES OF AMERICA
                    Plaintiff - Appellee

        v.

MIGUEL LONGORIA
                    Defendant - Appellant


_____

No. 00-50406
_____

UNITED STATES OF AMERICA
                    Plaintiff - Appellee

        v.

JUAN ADRIAN GONZALEZ
                    Defendant - Appellant

_____

Appeals from the United States District Court
for the Western District of Texas
_____

July 12, 2002

Before KING, Chief Judge, and JOLLY, HIGGINBOTHAM, DAVIS, JONES,
SMITH, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES,
STEWART, PARKER, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme

Court held: "Other than the fact of a prior conviction, any fact

that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In the wake of Apprendi, this court and all our sister circuits have unanimously agreed that drug quantities triggering increased penalties under 21 U.S.C. § 841 are facts that must be submitted to a jury and charged in an indictment under the Apprendi rule. See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000). One issue on which post-Apprendi decisions have espoused differing views, however, is the proper appellate treatment of sentences based on a district court's finding of a drug quantity that was not alleged in the indictment. In particular, courts have disagreed as to (1) whether the error is "jurisdictional," and (2) whether, where such a sentence is challenged for the first time on appeal and the appellate court is therefore applying a plain-error standard, it is appropriate to consider the nature of the evidence supporting the uncharged drug quantity in determining whether to correct the sentence, or, as this court has held, to consider only the difference between the defendant's sentence and the statutory maximum applicable to § 841 offenses involving an unspecified drug quantity. It was primarily in light of these two questions that we decided to rehear en banc two companion cases involving Apprendi sentencing challenges based on the absence of drug quantity from the indictment. In United States v. Longoria, 259 F.3d 363, vacated and reh'g en banc granted, 262 F.3d 455 (5th Cir. 2001), and United States v. Gonzalez, 259 F.3d

2

355, <u>vacated and reh'g en banc granted</u>, 262 F.3d 455 (5th Cir. 2001), the panels determined that the imposition of sentences exceeding the statutory maximum for offenses involving unspecified drug quantities was a "jurisdictional" error. <u>Longoria</u>, 259 F.3d at 365; <u>Gonzalez</u>, 259 F.3d at 359-61, 360 n.3. Both panels further held, without considering the evidence of drug quantity, that it was proper to remand for resentencing within the applicable statutory maximum notwithstanding the defendants' failures to object in the district court. <u>See</u> <u>Longoria</u>, 259 F.3d at 365; <u>Gonzalez</u>, 259 F.3d at 359-61. We consolidated the two cases for purposes of our rehearing en banc.

Shortly before oral argument was scheduled to take place, the Supreme Court granted the government's petition for certiorari to the Fourth Circuit in <u>United States v. Cotton</u>, 261 F.3d 397 (4th Cir. 2001), <u>cert. granted</u>, 122 S. Ct. 803 (2002), a case that presented the principal questions motivating our decision to rehear <u>Gonzalez</u> and <u>Longoria</u> en banc; namely, in cases involving an indictment that does not allege a drug quantity, (1) whether the imposition of a sentence that exceeds the statutory maximum prescribed for offenses involving an indeterminate drug quantity is a "jurisdictional" error, and (2) whether it is proper to consider evidence of drug quantity in determining whether correction of such a sentence is appropriate under plain-error analysis. We proceeded with oral argument, but, concluding that the Supreme Court's forthcoming opinion

3

would undoubtedly provide much-needed clarification of the issues raised by Gonzalez and Longoria, we deferred our en banc decision pending issuance of that opinion. On May 20, 2002, the Court issued United States v. Cotton, 122 S. Ct. 1781 (2002), reversing the Fourth Circuit panel's decision to vacate the defendants' sentences. Id. at 1787. As explained below, in light of Cotton, we must affirm the sentences of Juan Adrian Gonzalez and Miguel Longoria.

## I. BACKGROUND

Gonzalez and Longoria were charged in a single indictment as co-conspirators who agreed to "possess with intent to distribute a quantity of MARIJUANA." The indictment did not allege a particular quantity of marijuana. Both Gonzalez and Longoria pled guilty to the charge pursuant to plea agreements. Each agreement stated that the defendant (1) had knowingly and intentionally conspired to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and (2) was subject to imprisonment for a minimum of five years and a maximum of forty years and to a mandatory term of supervised release of at least four years. Under the agreements, Longoria and Gonzalez waived "the right to appeal any sentence imposed within the maximum provided in the statute of conviction, whether on direct appeal to the Fifth Circuit or in a collateral proceeding." The factual basis submitted in support of the plea

4

agreements stated that Gonzalez, Longoria, and others "agreed to deliver approximately 500 pounds of marijuana to DEA agents," and that "[t]he delivery was actually made on March 13, 1999 and the weight of marijuana seized was approximately 593 pounds."

The district court adopted the presentence reports' findings attributing 777.01 grams of marijuana to Gonzalez and Longoria, and sentenced Gonzalez to seventy-eight months' imprisonment, Longoria to sixty-nine months' imprisonment, and both defendants to five years of supervised release.[1]  Both defendants appealed.

Longoria appealed his sentence to this court under 18 U.S.C. § 3742, arguing that his sentence was illegal because it exceeded the applicable statutory maximum.[2]  He maintained that this appeal was not precluded by the plea agreement because he had waived his right to appeal his sentence only if it was within the statutory maximum.  Specifically, Longoria contended that because he was indicted for a § 841 offense involving an unspecified quantity of marijuana, the applicable statutory maximum penalty was that prescribed in § 841(b)(1)(D).[3]  Pointing to

---

[1]  The district court sentenced Gonzalez and Longoria before the Supreme Court issued its Apprendi opinion.

[2]  Under § 3742, "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law."  18 U.S.C. § 3742(a)(1) (2000).

[3]  Subsection 841(b)(1)(D) states that in cases involving "less than 50 kilograms" of marijuana, "such person shall . . . be sentenced to a term of imprisonment of not more than 5 years." 21 U.S.C. § 841(b)(1)(D) (2000).  In contrast, § 841(b)(1)(B),

5

§ 841(b)(1)(D)'s maximum penalty of five years' imprisonment and three years of supervised release, Longoria argued that resentencing was required because the district court was without statutory authority to impose his sentence of sixty-nine months' imprisonment and five years of supervised release.  Acknowledging that he failed to raise this sentencing challenge in the district court, Longoria maintained that plain-error review was not applicable because his sentence exceeded the district court's statutory authority, and, in the alternative, that he was entitled to resentencing under plain-error review because such a sentence affects the fairness, integrity, and public reputation of judicial proceedings.

The Longoria panel did not address Longoria's claim that he did not waive the right to appeal a sentence that exceeded the statutory maximum.  Rather, noting that a defendant does not waive jurisdictional defects by pleading guilty, the panel vacated Longoria's sentence and remanded for resentencing because the district court did not have "jurisdiction to sentence Longoria under any provision other than § 841(b)(1)(D)." Longoria, 259 F.3d at 365.

---

the provision cited in Gonzalez's and Longoria's plea agreements, states that in cases involving specified quantities of different types of Schedule I and II controlled substances (including 100 kilograms or more of marijuana), "such person shall be sentenced to a term of imprisonment which may be not less than 5 years and not more than 40 years." Id. § 841(b)(1)(B).

Gonzalez appealed his conviction as well as his sentence, but, unlike Longoria, Gonzalez did not invoke Apprendi in challenging his sentence.[4]  Rather, the government called Longoria's Apprendi argument to the panel's attention and pointed out that Gonzalez's sentence may be erroneous because the indictment did not allege a quantity of marijuana.  See Gonzalez, 259 F.3d at 359.

Applying plain-error review, the Gonzalez panel determined that the four prongs of the plain-error standard were present in the case, i.e., there was "(1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 359 (quoting United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000)).  The panel determined that Gonzalez's sentence was "plainly erroneous" because it "obviously exceeds" the applicable § 841(b)(1)(D) maximum.  Id.  The panel also concluded "that the additional 18 months' imprisonment and 2 years' supervised release affects Gonzalez's substantial rights."  Id.  Finally, the panel

_____

[4]  On appeal, Gonzalez argued that he did not knowingly and voluntarily waive his right to appeal the district court's determination of the applicable sentencing range under the Sentencing Guidelines and, thus, that he should be permitted to challenge that determination.  See Gonzalez, 259 F.3d at 357-58. In the alternative, Gonzalez contended that his guilty plea should be vacated as uninformed and involuntary.  See id. at 358. The panel determined these arguments to be without merit and affirmed Gonzalez's conviction.  See id. at 358, 361.  We reinstate this portion of the Gonzalez opinion.

7

determined that it was appropriate to exercise its discretion to correct the error, noting that "[w]e have elsewhere corrected sentences that exceeded the statutory maximum by an even smaller margin than the margin of difference presented in this case." Id. at 360-61 (citing United States v. Vasquez-Zamora, 253 F.3d 211, 214 (5th Cir. 2001)).  The panel stated that further justification for correcting the error was provided by the fact that correction would require only resentencing, and not a new trial.  Id. at 361.

In a footnote, the panel asserted that the "unstated" premise underlying this court's correction of Apprendi error in cases involving an indictment that fails to allege a drug quantity is that "the district court lacks the jurisdiction to impose a sentence exceeding the statutory maximum of the offense alleged in the indictment."  Id. at 360 n.3.  According to the panel, this "jurisdictional nature of the error" accounts for this court's correction of the sentencing error "in our Apprendi cases in which the indictment fails to allege drug quantity." Id.

## II. THE IMPACT OF THE SUPREME COURT'S DECISION IN COTTON

Initially, the Supreme Court confirmed the unanimous conclusion of the circuit courts that in federal cases, Apprendi requires that facts that increase the statutory maximum penalty must be stated in the indictment as well as submitted to the

8

jury.  <u>Cotton</u>, 122 S. Ct. at 1783.[5]  Further, the Court agreed with the conclusion of the Fourth Circuit panel that plain-error review is applicable where an <u>Apprendi</u> challenge based on the absence of a statutory-maximum-triggering fact in the indictment is raised for the first time on appeal.  <u>Id.</u> at 1785.  However, the Court disapproved of the Fourth Circuit's application of plain-error review to the extent that the Fourth Circuit (1) relied on the notion that the lack of drug quantity in the indictment had "jurisdictional" significance, <u>see</u> <u>id.</u> at 1784-85, and (2) determined that the evidence of drug quantity was irrelevant to the fourth prong of plain-error review, <u>see</u> <u>id.</u> at 1786.

*A.    The "Jurisdictional" Conception of Indictments*

The Supreme Court recognized that the Fourth Circuit's conception of the allegations in an indictment as "jurisdictional" originated in <u>Ex parte Bain</u>, 121 U.S. 1 (1887), in which the Court held that the trial court's amendment of the indictment meant that "the jurisdiction of the offence [was] gone, and the court [had] no right to proceed any further in the progress of the case for want of an indictment."  <u>Cotton</u>, 122 S. Ct. at 1784 (quoting <u>Bain</u>, 121 U.S. at 13) (alterations in original).  This aspect of the <u>Bain</u> decision, the Court

---

[5]  The <u>Apprendi</u> Court did not address the indictment issue because the Presentment Clause of the Fifth Amendment has not been made applicable to the states via the Fourteenth Amendment. <u>See</u> <u>Apprendi</u>, 530 U.S. at 477 n.3.

9

explained, is an anachronistic remnant of an era in which the Supreme Court had authority to review only "jurisdictional" errors and thus found it necessary to develop an "elastic concept of jurisdiction" in order "to correct obvious constitutional violations" in criminal cases. Id. at 1784-85. The Court determined that in its cases since Bain, it (1) has limited the term "jurisdiction" to "the courts' statutory or constitutional power to adjudicate the case," and (2) made clear "that defects in an indictment do not deprive a court of its power to adjudicate a case." Id. at 1785 (internal quotations and citations omitted). Accordingly, the Cotton Court held that "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction, Bain is overruled." Id.

In light of the Cotton Court's rejection of the notion that an Apprendi error stemming from the absence of drug quantity in an indictment is "jurisdictional," it was improper for this court to analyze this type of Apprendi error as "jurisdictional" in Gonzalez and Longoria. We have used similar language in a number of other non-Apprendi opinions relating to indictments that are defective because of the failure to allege an element of the offense involved in the case.[6] To the extent that these decisions

_____

[6] See, e.g., United States v. Ramirez, 233 F.3d 318, 322 (5th Cir. 2000) (claim that the indictment failed to allege the form of assault with which the defendant was charged under 18 U.S.C. § 111); United States v. Richards, 204 F.3d 177, 191 (5th Cir. 2000) (claim that the indictment for mail and wire fraud failed to allege the element of materiality); United States v.

10

hold that "a defective indictment deprives a court of jurisdiction," they are overruled by Cotton.  122 S. Ct. at 1785.

B.    *Relevancy of Evidence in the Application of the Fourth Prong of Plain-Error Analysis*

The Cotton defendants were charged with and convicted of conspiracy offenses involving an unspecified amount of cocaine base.  See 122 S. Ct. at 1783.[7]  As the Court noted, such offenses are subject to a maximum of twenty years' imprisonment under § 841(b)(1)(C).  Id.  However, at sentencing, the district court attributed over fifty grams of cocaine base to the defendants, the threshold amount for which § 841(b)(1)(A) prescribes a maximum of life imprisonment.  See id. at 1783-84.  Invoking its analysis of the fourth plain-error prong in Johnson v. United States, 520 U.S. 461 (1997), the Court determined that the error committed by the district court in basing the defendants' sentences on a drug quantity not alleged in the indictment had

---

Ramirez-Gamez, 171 F.3d 236, 239 (5th Cir. 1999) (claim that the indictment failed to state the "arrest" element of an illegal-reentry offense); United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999) (same claim as that at issue in Ramirez-Gamez); United States v. Rivera, 879 F.2d 1247, 1251 (5th Cir. 1989) (claim that the indictment omitted the scienter element of the offense of transporting undocumented immigrants within the United States in furtherance of their illegal immigration status); United States v. Morales-Rosales, 838 F.2d 1359, 1361-62 (5th Cir. 1988) (same claim as that at issue in Rivera, except involving an information rather than an indictment).

[7]  The district court instructed the jury that "as long as you find that a defendant conspired to distribute or posses[s] with intent to distribute these controlled substances, the amounts involved are not important."  Cotton, 122 S. Ct. at 1783 (alteration in original).

11

not "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" because "[t]he evidence that the conspiracy involved at least 50 grams of cocaine base was 'overwhelming' and 'essentially uncontroverted.'" Id. at 1786 (quoting Johnson, 520 U.S. at 470).[8]  In particular, the Court pointed out that well over fifty grams of cocaine base had been seized by officers in the course of investigating the conspiracy and arresting the conspirators.  See id.  In light of the evidence, the Court concluded that "[s]urely the grand jury, having found that the conspiracy existed, would have also found that the conspiracy involved at least 50 grams of cocaine base." Id.

Accordingly, under Cotton, Gonzalez's and Longoria's Apprendi sentencing challenges, which were raised for the first time on appeal, are subject to plain-error review.  To this extent, our Apprendi cases are consistent with Cotton: this court has regularly applied plain-error review to sentencing challenges that the defendant failed to raise in the district court.  See, e.g., United States v. Smith, 264 F.3d 518, 520 (5th Cir. 2001); United States v. Miranda, 248 F.3d 434, 444-46 (5th Cir. 2001);

---

[8]  In applying the four-prong plain-error test, the Supreme Court noted the government's concession of the first two prongs, i.e., that (1) the indictment's failure to allege a fact, drug quantity, that increased the statutory maximum sentence rendered the defendants' sentences erroneous under Apprendi, and (2) this omission was a plain error.  Cotton, 122 S. Ct. at 1785 (citing Johnson, 520 U.S. at 467-68).

United States v. DeLeon, 247 F.3d 593, 597-98 (5th Cir. 2001); United States v. McWaine, 243 F.3d 871, 875 (5th Cir. 2001). However, this court has not considered evidence of drug quantity to be relevant to plain-error analysis in Apprendi cases involving a sentencing challenge based on an indictment that does not allege drug quantity. See, e.g., Gonzalez, 259 F.3d at 359-61, 360 n.3; United States v. Vasquez-Zamora, 253 F.3d 211, 214 (5th Cir. 2001); McWaine, 243 F.3d at 875-76; United States v. Meshack, 225 F.3d 556, 577-78 (5th Cir. 2000).[9] We must change this approach, as the Cotton Court made clear that it is proper to assess the evidence of drug quantity in such cases for the purpose of determining whether the error seriously affects the integrity, fairness, or public reputation of judicial

---

[9] Rather, in our Apprendi cases involving indictments that do not allege drug quantity, we have assessed the defendant's sentencing challenge under plain-error review in the same way that we assess sentencing challenges in non-Apprendi contexts, i.e., by considering the difference between the defendant's sentence and the applicable statutory maximum. See, e.g., Meshack, 225 F.3d at 577 ("Apprendi allows for only a sentencing challenge, not a challenge to the underlying conviction, and in sentencing cases we have generally determined prejudice by considering whether the alleged error resulted in an increased sentence for the defendant."); see also Gonzalez, 259 F.3d at 360 n.3 ("[T]he case at bar is best viewed as one in which the indictment was without error, the plea was without error, and the error occurred at sentencing."); cf. United States v. Fletcher, 121 F.3d 187, 193-94 (5th Cir. 1997) (determining that the defendant's sentence exceeded the statutory maximum authorized for the federal bank-robbery offense alleged in the indictment, and thus that resentencing was necessary notwithstanding that the jury was properly instructed on the elements of the offense for which his sentence was authorized).

proceedings.  See Cotton, 122 S. Ct. at 1786-87.[10]  We turn now to apply plain-error analysis to Gonzalez's and Longoria's sentences as instructed by the Cotton Court.

Gonzalez's and Longoria's presentence reports ("PSRs") based the finding of 777.01 kilograms of marijuana (adopted by the district court) on the information obtained during the DEA sting operation that led to Gonzalez's and Longoria's arrests: DEA agents (1) seized 232.69 kilograms of marijuana that they had agreed to purchase in the course of negotiations with both defendants, and (2) discussed the potential transport of 544.32 kilograms of marijuana with Gonzalez and Longoria.  Both Gonzalez's sentence of seventy-eight months' imprisonment and five years of supervised release and Longoria's sentence of sixty-nine months' imprisonment and five years of supervised release are authorized under § 841(b)(1)(B) for offenses involving 100 kilograms or more of marijuana.  See 21 U.S.C. § 841(b)(1)(B) (2000) (prescribing five to forty years' imprisonment and at least four years of supervised release).  The

_____

[10]  This court does consider evidence of drug quantity in applying the plain-error standard to Apprendi sentencing challenges based on the failure to submit drug quantity to the jury.  See, e.g., United States v. Green, 246 F.3d 433, 436-37 (5th Cir. 2001); United States v. Slaughter, 238 F.3d 580, 583-84 (5th Cir. 2001); Miranda, 248 F.3d at 445-46; cf. DeLeon, 247 F.3d at 598 (concluding that the failure to instruct the jury that it must find a particular quantity of marijuana beyond a reasonable doubt "cannot be plain error . . . where as here, the defendant stipulated at trial that the substance seized was [the amount] of marijuana" necessary to trigger the increased statutory maximum penalty).

14

232.69 kilograms of marijuana that was seized —— which was included in the factual basis submitted in support of Gonzalez's and Longoria's plea agreements —— is alone sufficient to trigger this 100-kilogram threshold.[11]  There was uncontroverted evidence that Gonzalez and Longoria were directly involved in the negotiations with the DEA agents regarding the agents' purchase of the 232.69 kilograms of marijuana.  Further, Longoria was present and assisting in the transaction at the time that the agents seized the marijuana, and the agents' investigation revealed that Gonzalez negotiated the purchase of the 232.69 kilograms from Jesus Carvajal, a co-defendant who regularly transported large quantities of marijuana across the border from Mexico.  We find this evidence linking Gonzalez and Longoria to the 232.69 kilograms of seized marijuana to be at least as strong as that which the Cotton Court deemed sufficient to preclude a determination that the error affected the integrity, fairness, or public reputation of judicial proceedings.  Thus, correction of Gonzalez's and Longoria's sentences is not warranted under plain-error review.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Gonzalez's conviction and Gonzalez's and Longoria's sentences.

---

[11]  Gonzalez and Longoria objected to the PSRs' drug-quantity finding only to the extent that it was based on the 544.32 kilograms of marijuana allegedly discussed with DEA agents.