**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-41202

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

LEON MOORE, JR., also known as Moe,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(G-98-CR-25-2)

July 26, 2002

ON PETITION FOR REHEARING

Before DAVIS and JONES, Circuit Judges and PRADO, District Judge.[1]

PER CURIAM:[2]

At the request of the government, we held the government's petition for rehearing in this case pending final resolution of this court's *en banc* consideration of United States v. Gonzales, ___ F.3d ___, 2001 WL 815606 (5th Cir. 2001), and United States v. Longoria, ___ F.3d ___, 2001 WL 815609 (5th Cir. 2001). In light of the opinion recently issued in those cases and the Supreme Court's decision in United

---

[1] District Judge of the Western District of Texas, sitting by designation.

[2] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

States v. Cotton, 122 S.Ct. 1781 (2002), we vacate our earlier opinion and affirm Moore's sentence.

As noted in our original opinion, the only issue that merits discussion in this case is whether the district court erred in imposing an enhanced penalty based on drug quantity because the drug quantity was not alleged in the indictment. Our original opinion, based on United States v. Vasquez-Zamora, 253 F.3d 211 (5th Cir. 2001), vacated Moore's sentence and remanded for resentencing. Under Vasquez-Zamora and other cases, this court had not considered evidence of drug quantity to be relevant to plain-error analysis in Apprendi cases involving a sentencing challenge based on an indictment that does not allege drug quantity. However, in Gonzalez / Longoria, we concluded that "[w]e must change our approach, as the Cotton Court made clear that it is proper to assess evidence of drug quantity in such cases for the purpose of determining whether the error seriously affects the integrity, fairness or public reputation of judicial proceedings." Gonzalez / Longoria at _____, citing Cotton, 122 S.Ct. at 1786-87.

Correction of Moore's sentence is not warranted under plain-error review. At his guilty plea hearing as the factual basis for the offense, the government indicated that it could prove that Moore conspired to distribute more than 50 grams of cocaine base during the conspiracy and that Moore conspired to acquire cocaine powder either in powder form or converted into cocaine base. Moore agreed. In addition, at sentencing the district court relied on the factual findings in the PSR. The PSR is presumptively reliable in calculating the amount of drugs and the district court may rely on the PSR in the absence of convincing rebuttal evidence demonstrating error. United States v. Franklin, 148 F.3d 451, 460 (5th Cir. 1998). Moore's rebuttal evidence was limited to denials and challenges to the reliability of the co-defendants' testimony on which it was based. This is insufficient to rebut the PSR's presumptive reliability. Id.

Accordingly, given the weight of the evidence supporting the district court's determination of the drug quantity in this case, under a plain-error review standard, the district court did not err in imposing an

2

enhanced penalty based on that drug quantity.

REHEARING GRANTED.  DISTRICT COURT JUDGMENT AFFIRMED.