IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40791
Conference Calendar
_____


FRANTZ OSCAR,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-121
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Frantz Oscar, federal prisoner No. 25832-083, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his convictions and life sentences for engaging in a continuing criminal enterprise (CCE).

Oscar argues that the 28 U.S.C. § 2255 savings clause authorizes him to seek relief under § 2241 because defects in the indictment deprived the trial court of jurisdiction to convict him of the CCE charges. Oscar's jurisdictional argument is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without merit. See United States v. Cotton, 122 S. Ct. 1781, 1785-86 (2002); United States v. Longoria, 298 F.3d 367 (5th Cir.) (en banc), petition for cert. filed, (U.S. Oct. 10, 2002) (No. 02-6898).

Oscar argues that Apprendi v. New Jersey[**] dictates that he is actually innocent of the CCE charges because the indictment did not allege quantities of drugs adequate to support a conviction and sentence under 21 U.S.C. § 848(b)(2)(A). Oscar's arguments concerning § 848(b)(2)(A) are irrelevant because he was not convicted of violating that section of the CCE statute. Oscar was convicted of engaging in a continuing criminal enterprise in violation of § 848(a), (c), and of two counts of murder in furtherance of a continuing criminal enterprise in violation of § 848(e)(1)(A) and 18 U.S.C. § 2. Oscar's life sentences do not violate Apprendi because they are within the statutory maximum for his CCE convictions. United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001); see § 848 (a), (e)(1)(A). Furthermore, Apprendi does not apply retroactively to cases on collateral review and an Apprendi claim does not satisfy the requirements of 28 U.S.C. § 2255's savings clause. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343 (5th Cir. 2002).

---

[**] 530 U.S. 466 (2000).

We note that Oscar has abandoned any argument that he is entitled to § 2241 relief based on <u>Richardson v. Unites States</u>.[***] <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.

---

[***] 526 U.S. 813 (1999).