IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50713
Summary Calendar
_____


RODRIGO BARRA GONZALEZ

             Petitioner - Appellant

     v.

TROY WILLIAMSON, Warden of La Tuna

             Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-234-DB
--------------------
October 28, 2002
Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Rodrigo Barra Gonzalez, federal prisoner # 05197-033, was

convicted in the Southern District of Indiana by a jury of

conspiracy to distribute marijuana (21 U.S.C. § 841(a)(1) and

846) and two counts of engaging in financial transactions with

proceeds from unlawful activities (18 U.S.C. § 1956(a)(1)).  He

was sentenced to 235 months' imprisonment.

     Gonzalez argues that the district court erred in construing

his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion.  He

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that relief under 28 U.S.C. § 2241 is warranted based on actual innocence. He argues that he can proceed under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 was an inadequate and ineffective remedy. He argues that he was denied the opportunity to present his constitutional claims in a 28 U.S.C. § 2255 proceeding through no fault of his own. He also argues that the district court abused its discretion in not addressing his jurisdictional claims pursuant to Federal Rule of Civil Procedure 60(b).** His jurisdictional claim is that his indictment was faulty because all of the facts which were used to determine his sentence were not charged in the indictment. He cites the Fourth Circuit's decision in United States v. Cotton, 261 F.3d 397, 405 (4th Cir. 2001), which he argues requires that all facts legally essential to the punishment be alleged in the indictment. He states that his claim does not rely upon Apprendi v. New Jersey, 530 U.S. 466 (2000).

Gonzalez essentially argues that his jurisdictional claim should be considered in this 28 U.S.C. § 2241 proceeding under the savings clause. A 28 U.S.C. § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy

---

** This argument is without merit. FED. R. CIV. P. 60(b) is not applicable to seek relief from a criminal judgment. His reliance on Rule 60(b) as a vehicle for relief would amount to nothing more than a successive § 2255 motion. Kutzner v. Cockrell, ___ F.3d ___, (5th Cir. Aug. 7, 2002, No. 02-20857), 2002 WL 1858794, cert. denied, ___ S. Ct. ___, 2002 WL 1808591 (Aug. 7, 2002).

provided for under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000). Thus, Gonzalez is correct that the district court had jurisdiction to consider his savings clause claims in this 28 U.S.C. § 2241 petition.

Since Gonzalez filed his brief, this court rejected a similar jurisdictional argument in a 28 U.S.C. § 2241 case in <u>Wesson v. U.S. Penitentiary Beaumont, Tx.</u>, ___ F.3d ___, (5th Cir. Sept. 5, 2002, No. 01-41000), 2002 WL 31006173 at * 2. The petitioner in <u>Wesson</u> argued that his indictment was defective under <u>Apprendi</u> because it did not allege a drug quantity, and that the district court was deprived of jurisdiction. Citing <u>United States v. Cotton</u>, 122 S. Ct. 1781, 1785-86 (2002),[***] <u>United States v. Longoria</u>, 298 F.3d 367 (5th Cir. 2002 (en banc), and <u>United States v. Gonzalez</u>, 259 F.3d 355 (5th Cir. 2002) (en banc), this court held that the petitioner's claim that his defective indictment deprived the court of jurisdiction was meritless because defects in an indictment are nonjurisdictional. <u>Wesson</u>, 2002 WL 31006173 at * 2.

Although Gonzalez disavows reliance on <u>Apprendi</u> in his brief, he based his argument on <u>Apprendi</u> in the district court, and his arguments are based in part on the reasoning of <u>Apprendi</u>, which held that sentencing factors which increase the sentence

---

[***] The Supreme Court reversed the Fourth Circuit's decision upon which Gonzalez relies.

beyond the statutory maximum must be charged in the indictment and proved beyond a reasonable doubt to the jury.

In <u>Wesson</u>, 2002 WL 31006173 at * 3, this court also rejected the petitioner's savings clause argument, holding that the petitioner could not satisfy the first prong of <u>Reyes-Requena</u> because <u>Apprendi</u> is not retroactive on collateral review, citing <u>United States v. Brown</u>, ___ F.3d ___, (5th Cir. Sept. 5, 2002, No. 01-10116), 2002 WL 2027346 at * 6.

For these reasons, the district court's dismissal of Gonzalez's 28 U.S.C. § 2241 petition IS AFFIRMED.