# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-41288
and No. 02-40363
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DE LA CRUZ FLORES, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-324-1
USDC No. C-01-CV-147
- - - - - - - - - -
November 7, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan De La Cruz Flores, Jr., federal prisoner #77023-079, was convicted in October 1999 of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. Flores has filed a motion seeking to consolidate both of his appeals. The motion to consolidate is GRANTED.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Flores has also filed a motion for extraordinary relief seeking reimbursement of his second filing fee. The motion for extraordinary relief is DENIED.

Flores has filed a motion for COA regarding the district court's orders striking his renewed postjudgment motions, denying his FED. R. CIV. P. 60(b) motion, and ordering him to stop filing documents in the instant case pending resolution of his appeal from the denial of his 28 U.S.C. § 2255 motion. We construe his request for COA as a motion seeking expansion of his COA. This court may grant a COA only if Flores shows that jurists of reason would find it debatable whether: (1) he states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Even if the district court erred in striking his renewed postjudgment motions, Flores cannot show that he was harmed by such error because he was permitted to raise his claims in subsequent postjudgment motions. The district court properly denied his FED. R. CIV. P. 60(b) motion because Flores's argument that the district court failed to address all of his claims lacks merit. Furthermore, the district court did not abuse its discretion by ordering Flores to cease filing documents in this case pending resolution of his appeal. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986). Accordingly, his motion for expansion of his COA is DENIED.

Flores filed a motion to vacate, set aside, or correct sentence on the ground that his sentence was unconstitutional because drug quantity was not specifically listed as an element of his offense during his guilty-plea hearing. The district court granted Flores a certificate of appealability ("COA") as to whether Apprendi v. New Jersey, 530 U.S. 466 (2000), was retroactively applicable to his 28 U.S.C. § 2255 motion and, if so, whether Flores had shown that any error was not harmless. Because Flores's indictment alleged, and Flores explicitly conceded during his guilty-plea hearing, that his crime of conviction involved over 100 kilograms of marijuana, his sentence does not violate Apprendi. See United States v. Longoria, __ F.3d __ (5th Cir. July 12, 2002, Nos. 00-50405, 00-50406), 2002 WL 1491784 at *2, *5; United States v. Deville, 278 F.3d 500, 510 (5th Cir. 2002); United States v. Fort, 248 F.3d 475, 483 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001). It is therefore not necessary to determine whether Apprendi is retroactively applicable to his 28 U.S.C. § 2255 motion. The district court's judgment is AFFIRMED.

MOTION TO CONSOLIDATE **GRANTED**; MOTION FOR EXTRAORDINARY RELIEF **DENIED**; MOTION FOR EXPANSION OF COA **DENIED**; **AFFIRMED**.