IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40148
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEON DOUGLAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1021-1
--------------------
December 10, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for the following reasons.

The allegedly coercive comments made by the district judge were not made in the context of plea negotiations; therefore, there was no Rule 11(e) violation. See United States v. Miles, 10 F.3d 1135, 1139 (5th Cir. 1993) (Rule 11(e)(1) prohibits a district court from judicial participation in or interference with the plea negotiation process.).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Douglas's contention that there was an insufficient factual basis to support his plea is also rejected.  Contrary to Douglas's argument, Section 1324(a) has not been held to differentiate between whether the alien has come to, entered, or remained in the United States for purposes of determining whether a defendant acted willfully in furtherance of the alien's violation of the law.  See United States v. Morales-Rosales, 838 F.2d 1359, 1361 (5th Cir. 1988), overruled on other grounds by, United States v. Longoria, 298 F.3d 367, 372 n.6 (5th Cir. 2002) (en banc), petition for cert. filed, (U.S. Oct 10, 2002)(No. 02-6898).  It is instead the alien's mere presence in the United States that is the "violation of the law" which must be found to have been willfully furthered by the defendant's conduct. Douglas does not argue that the factual basis was insufficient to support a finding that he acted willfully in furtherance of the alien's presence in the United States.  He therefore has not established plain error.

Douglas's contention that there was a Rule 11(c)(1) error is premised on his erroneous argument that there was an insufficient factual basis to support the plea.  It is therefore also rejected.

AFFIRMED.