IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51291
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-394-SS (A-98-CR-19-2-SS)
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio Garcia, federal prisoner # 77584-079, pleaded guilty
to count one of the indictment charging him with conspiracy to
possess with intent to distribute cocaine, cocaine base, and
heroin, and count 12 charging him with using a telephone to
facilitate the drug conspiracy, in violation of 21 U.S.C.
§§ 841(a)(1) and 843(b).  A certificate of appealability (COA)
was granted on the issue of the voluntariness of Garcia's plea

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

agreement.  See United States v. Garcia, No. 00-51291 (5th Cir. May 17, 2001) (single-judge order).

Garcia argues that, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), his guilty plea was involuntary because the quantity of drugs was not charged in the indictment, the district court was thus without jurisdiction, the district court did not properly inform him of the charges to which he was pleading guilty, and his counsel was ineffective for allowing him to plead guilty under those circumstances.

Since the parties filed their briefs, we rejected an identical jurisdictional argument in a 28 U.S.C. § 2241 case in Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 346 (5th Cir. 2002).  The petitioner in Wesson also argued that his indictment was defective under Apprendi because it did not allege a drug quantity, and that the district court was deprived of jurisdiction.  Citing United States v. Cotton, 122 S. Ct. 1781, 1785-86 (2002), United States v. Longoria, 298 F.3d 367 (5th Cir. 2002 (en banc), and United States v. Gonzalez, 259 F.3d 355 (5th Cir. 2002) (en banc), we held that the petitioner's claim that his defective indictment deprived the court of jurisdiction was meritless because defects in an indictment are nonjurisdictional. Wesson, 305 F.3d at 346.

We also recently held in United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002), a 28 U.S.C. § 2255 case, that the new rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review of initial 28 U.S.C. § 2255

motions.  Because Garcia's claims are all dependent upon the retroactive application of <u>Apprendi</u> in this 28 U.S.C. § 2255 proceeding, and because it has been determined that <u>Apprendi</u> is not applicable retroactively on collateral review, the district court's denial of 28 U.S.C. § 2255 relief is AFFIRMED.