**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 8, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40774
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL GARZA-CEBALLOS,

Defendant-Appellant.

Consolidated with

No. 02-40806
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL CEBALLOS-GARZA,

Defendant-Appellant.

--------------------

Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-95-CR-84-1
USDC No. B-01-CR-551-1

--------------------

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Raul Garza-Ceballos appeals from his conviction of illegal reentry following deportation the revocation of his supervised release and resentencing based on the illegal-reentry offense. Garza contends, for the first time on appeal, that both his previous and current sentences for illegal reentry, and his supervised-release revocation, were invalid because 8 U.S.C. § 1326(b), which provides for longer sentences for defendants who were deported following conviction of certain types of felonies, was rendered unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Garza concedes that his argument is foreclosed, but he raises the issue to preserve it for review by the Supreme Court.

A revocation proceeding "is not the proper forum in which to attack the conviction giving rise to the revocation." *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996); *see United States v. Francischine*, 512 F.2d 827, 828-30 (5th Cir. 1975) (attempting to undermine the validity of the conviction that resulted in imposition of a term of supervised release). Garza attempts to distinguish his case on the basis that he raises a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdictional challenge.  Blue brief, 14 n.6.  However, *Apprendi* errors are not jurisdictional in nature.  *United States v. Longoria*, 298 F.3d 367, 372 (5th Cir. 2002).  Garza therefore cannot challenge his 1995 illegal reentry conviction through a challenge to the revocation of his supervised release.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  *Id.* at 239-47.

*Apprendi* did not overrule *Almendarez-Torres*.  *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it."  *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.