**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-41223
c/w No. 02-41225
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALEJANDRO SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-233-1
USDC No. B-02-CR-402-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Alejandro Sanchez appeals his guilty-plea conviction
and sentence for illegal reentry following a prior deportation
and the revocation of supervised release on his conviction for
conspiring to distribute and to possess with intent to distribute
cocaine.  He asserts that the sentence-enhancing provisions
contained in 8 U.S.C. § 1326(b) are facially unconstitutional in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Sanchez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Sanchez also seeks to challenge the constitutionality of 21 U.S.C. § 841(a) and (b) in light of Apprendi. Because a challenge under Apprendi is not jurisdictional, he may not present this claim in an appeal following the revocation of supervised release. See United States v. Teran, 98 F.3d 831, 833 n.1 (5th Cir. 1996); United States v. Longoria, 298 F.3d 367, 372 (5th Cir. 2002)(en banc). Moreover, as Sanchez concedes, his Apprendi argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). The judgment of the district court is AFFIRMED.