United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————

No. 03-40186
c/w Nos. 03-40187 & 03-40496
Conference Calendar

———————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE MENDOZA-BARCENAS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-611-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Noe Mendoza-Barcenas appeals his guilty-plea conviction
for illegal reentry into the United States after deportation and
the revocation of his supervised release and probation.  He
asserts that 8 U.S.C. § 1326(a)(1) and (2) are unconstitutional
on their face and as applied to him.  He also argues that the
prior conviction that resulted in his increased sentence is an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

element of the offense under 8 U.S.C. § 1326(b) that should have been alleged in the indictment.

Because a challenge under Apprendi v. New Jersey, 530 U.S. 466 (2000) is not jurisdictional, Mendoza-Barcenas may not present these claims in an appeal following the revocation of supervised release. See United States v. Longoria, 298 F.3d 367, 372 (5th Cir. 2002) (en banc); United States v. Moody, 277 F.3d 719, 720-21 (5th Cir. 2001); United States v. Teran, 98 F.3d 831, 833 n.1 (5th Cir. 1996). Regardless, Mendoza-Barcenas acknowledges that his arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90, 496. This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.