# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-50361
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MONICA FAVIOLA ORTIZ-MONTEMAYOR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-667-ALL

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Monica Faviola Ortiz-Montemayor (Ortiz) was found guilty by a jury of one count of possession of marijuana with intent to distribute and one count of importation of marijuana, in violation of 21 U.S.C. §§ 841, 952(a), 960. She appeals her conviction only, arguing that the district court abused its discretion in allowing certain expert testimony, and relatedly, erred in denying her motion for acquittal in light of the erroneously admitted expert testimony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ortiz contends that the expert testimony of Mario Ramirez, a Special Agent with Immigration and Customs Enforcement, was improper because it attempted to link her to specific characteristics of drug couriers as well as to drug trafficking methods. We review a decision to admit evidence, including expert testimony, for an abuse of discretion. United States v. Gutierrez-Farias, 294 F.3d 657, 662 (5th Cir. 2002).[1] Ortiz is correct that evidence of drug courier profiles is inherently prejudicial and inadmissible to prove guilt based on similarities between a defendant and a profile. Id.; see also United States v. Williams, 957 F.2d 1238, 1242 (5th Cir. 1992). As for evidence of the methods used by drug trafficking organizations, such evidence may similarly cross the line between mere testimony regarding facts and an inference that a particular defendant knew he was involved in such an organization. See Gutierrez-Farias, 294 F.3d at 663.

Ortiz complains of several points in Ramirez's testimony. Several of these complaints have no merit, specifically the following: Ramirez's testimony that Ortiz stated that she owned the truck for three months when she told other agents that she only owned it for one month; Ramirez's testimony regarding the license plate check as misleading because the check did not identify drivers or passengers; Ramirez's testimony that Ortiz showed no surprise as an improper comment on her state of mind. This testimony was not improper expert testimony but was based on Agent Ramirez's personal observations, nor did any of this testimony implicate drug courier profiles or drug trafficking methods. Any inconsistencies were subject to clarification via objection or on cross-examination. We also find no error in the testimony regarding Ortiz's

---

[1] Ortiz asserts that she must show that the testimony "seriously affected the fairness, integrity, or public reputation of the judicial proceeding." That standard applies in the context of plain error, not where error was preserved, as in this case. See United States v. Longoria, 298 F.3d 367, 371-72 (5th Cir. 2002).

explanation for the cash in her purse and the evidence of typical monthly salaries for teachers.

As for the testimony that drug dealers typically pay $500 to $1,000 in advance to couriers as well as the testimony regarding drug trafficking methods, these may present a closer question. See Gutierrez-Farias, 294 F.3d at 663. However, we need not decide if such testimony should have been excluded because it was harmless. See id. at 663-64.

Ortiz's sons testified that she drove her truck to a convenience store, left the store in another truck with an unidentified man and went to a McDonald's restaurant, and waited there until another man brought a truck owned by Ortiz to the restaurant, after which Ortiz drove across the border. Then, Ortiz falsely told agents that nobody else had used the truck since she had purchased it one month earlier. These suspicious circumstances and her false statement support an inference that Ortiz knew of the drugs and sought to cover up her activities of that morning. Ortiz's lack of surprise at being told there was marijuana in the vehicle and the quantity and value of the marijuana also support an inference of knowledge. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); see also United States v. Villareal, 324 F.3d 319, 324 (5th Cir. 2003). The jury similarly could have inferred that drug distributors would not have sent an unknowing courier on a lengthy trip with such limited gasoline capacity. All of this circumstantial evidence strongly points to Ortiz's knowledge, rendering any evidentiary error harmless. See Williams, 957 F.2d at 1242.

Given the foregoing analysis, we likewise reject Ortiz's challenge to the district court's denial of her motion for acquittal. The evidence set forth above amply supported the jury's verdict. See Ortega Reyna, 148 F.3d at 544. The judgment of the district court is, therefore, AFFIRMED.