# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41232
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 28, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON RAY WILLIAMS,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CR-37-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Brandon Ray Williams pleaded guilty to one count of possession with the intent to distribute marijuana and aiding and abetting and one count of possession of a firearm in furtherance of a drug-trafficking crime and aiding and abetting. He was sentenced to consecutive sentences of 92 months of imprisonment for the drug count and 60 months of imprisonment for the firearm count, and a four-year term of supervised release. On appeal, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that, because his indictment failed to allege a quantity of marijuana, under 21 U.S.C. § 841(b)(1)(D), his statutory maximum sentence for his drug count was 60 months of imprisonment.  Accordingly, he contends that his 92-month sentence on the drug count exceeded the statutory maximum.

Because Williams did not raise this issue in the district court, our review is for plain error.  *See United States v. Cotton*, 535 U.S. 625, 631 (2002); *United States v. Longoria*, 298 F.3d 367, 373 (5th Cir. 2002) (en banc).  Under plain error review, Williams must establish (1) an error; (2) that is plain; and (3) that affects his substantial rights.  *See Cotton*, 535 U.S. at 631.  If he satisfies those three requirements, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted, brackets in original).

Williams admitted that he possessed one pound of marijuana and sold at least 100 kilograms of marijuana in his signed factual resume, and he affirmed under oath at his rearraignment that his statements in his factual resume were true.  *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (holding that admissions of fact in open court carry "'a strong presumption of verity'" (citation omitted)).  His presentence report (PSR) used this drug quantity to calculate his base offense level.  Furthermore, the PSR stated that law enforcement officers seized from Williams's home four "large bags that contained marijuana," "[s]ix small bags [of marijuana] that had been packaged for distribution," and other evidence of drug trafficking activity.  Williams did not object to these statements in the PSR, and the district court adopted the PSR without change.  *See United States v. Franklin*, 148 148 F.3d 451 460 (5th Cir. 1998) (holding that PSR is presumptively reliable in calculating amount

No. 17-41232

of drugs and district court may rely on PSR in the absence of convincing rebuttal evidence demonstrating error).

Based on the foregoing, we decline to exercise our discretion to correct any error made by the district court in sentencing Williams above the statutory maximum sentence allowable under § 841(b)(1)(D).     *See* § 841(b)(1)(C); *Longoria*, 298 F.3d at 372-74.

AFFIRMED.